IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NADIA BIGLARI, | ) | Case No. 4:22-CV-3268 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF NEBRASKA LINCOLN, | ) | |
| by and through its Board of Regents; | ) | |
| ERIC DODDS, in his official capacity | ) | |
| and individual capacity; | ) | |
| CHRISTOPHER McCUNE, in his official | ) | |
| capacity and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

---

**BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS**

---

Susan K. Sapp, #19121
Lily Amare, #25735
CLINE WILLIAMS WRIGHT JOHNSON
 & OLDFATHER, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, Nebraska 68508
Telephone: (402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu
*Attorneys for University of Nebraska
Lincoln by and through its Board of
Regents; Eric Dodds, in his official and
individual capacities; and Christopher
McCune, in his official capacity*

April 21, 2023

1

**TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................... 3

II.    PLAINTIFF'S AMENDED COMPLAINT ....................................................... 4

III.   STANDARD OF REVIEW ............................................................. 6

IV.    ARGUMENT ............................................................................. 7

    A.   TITLE IX DOES NOT AUTHORIZE A LAWSUIT AGAINST SCHOOL OFFICIALS AND INDIVIDUALS, SUCH AS DODDS AND MCCUNE. ........................................... 7

    B.   PLAINTIFF FAILED TO STATE A CLAIM OF FIRST AMENDMENT RETALIATION, AND MCCUNE AND DODDS ARE ENTITLED TO QUALIFIED IMMUNITY. ..................... 9

    C.   PLAINTIFF FAILED TO STATE A CLAIM OF FOURTEENTH AMENDMENT, EQUAL PROTECTION CLAUSE VIOLATION, AND DODDS AND MCCUNE ARE ENTITLED TO QUALIFIED IMMUNITY. ........................................................ 12

    D.   PLAINTIFF'S CLAIMS ASSERTED IN COUNTS TWO AND THREE AGAINST BRUN AND MCCUNE AND DODDS, IN THEIR OFFICIAL CAPACITIES, ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY. ....................................................... 16

    E.   PLAINTIFF'S CLAIMS OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (COUNTS FOUR AND FIVE) AGAINST BRUN AND MCCUNE AND DODDS, IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY............................................................... 19

    F.   PLAINTIFF FAILS TO STATE A CLAIM OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DODDS, IN HIS INDIVIDUAL CAPACITY. ..... 20

V.     CONCLUSION ......................................................................... 21

In accordance with Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and Local Rule NECivR 7.1(a), Defendants, the Board of Regents of the University of Nebraska ("BRUN" or "Board of Regents") and Eric Dodds ("Dodds"), in his individual and official capacities, and Christopher McCune ("McCune"), in his official capacity capacity,  respectfully submit this Brief in support of their Partial Motion to Dismiss [Filing No. 26] on the Amended Complaint filed by Plaintiff [Filing No. 10].  This Brief also addresses, in part, claims that will be subject to McCune's prospective Motion to Dismiss (in his individual capacity), which is expected to be filed by May 3, 2023. Herein, BRUN, Dodds and McCune are collectively referred to as "Defendants."

## I.   __INTRODUCTION__

Plaintiff asserts a mishmash of claims against Defendants with respect to an alleged sexual harassment that occurred in December of 2019 and the subsequent investigation of this allegation by the University. However, a significant majority of the claims asserted cannot survive a motion to dismiss.

Plaintiff alleges, on December 21, 2019, she was sexually assaulted by McCune, a University employee, off-campus, at an establishment called "The Max," in his vehicle on the way to his apartment, and at his apartment. Plaintiff does not allege any relationship between McCune's conduct and his duties as the employee of the University.  Plaintiff alleges she reported this incident "to the University." There are no further allegations about McCune.

Separately, Plaintiff alleges Dodds, also an employee of the University, would not allow her to continue her research and attend any group meetings. She also

alleges he excluded her from her research lab. She does not state Dodds knew of, or was involved with, the University's investigation of the December 21 incident or that his actions were in any way linked to her report. She simply makes a speculative leap that it was because of her report of the alleged December 21 incident that Dodds engaged in the alleged retaliatory conduct.

Plaintiff asserts various legally defective claims against Defendants. For the reasons set forth below, the following must be dismissed: (1) Title IX, to the extent asserted against McCune and Dodds, in their individual and official capacities; (2) First Amendment, Retaliation, in its entirety; (3) Equal Protection Clause of the Fourteenth Amendment, in its entirety; (4) Intentional Infliction of Emotional Distress, to the extent asserted against BRUN, Dodds, in both his individual and official capacities, and McCune[1], in his official capacity; and (5) Negligent Infliction of Emotional Distress, to the extent asserted against BRUN, Dodds, in both his individual and official capacities, and McCune, in his official capacity.

## II.   **PLAINTIFF'S AMENDED COMPLAINT**

The following factual allegations are recited from Plaintiff's Amended Complaint as true for purposes of this Motion to Dismiss, even though Defendants dispute many of the allegations:

1.      Plaintiff is a former graduate student at the University of Nebraska, Lincoln and was a teaching assistant. [Filing No. 6, ¶ 1, 69].

2.      On December 21, 2019, McCune, an employee of the University of

---

[1] With respect to the claims against McCune, in his individual capacity, he is represented by Jason Grams, Lamson Dugan & Murray LLP, and is expected to respond to the Amended Complaint by May 3, 2023. This Brief does not address Plaintiff's claims for intentional or negligent infliction of emotional distress against McCune, in his individual capacity.

Nebraska during the relevant times, sexually assaulted her at an establishment called The Max, in his vehicle and at his apartment. [Filing No. 6, ¶ 4, 12-15].

3.      On December 27, 2019, Plaintiff reported "to the University McCune's sexual assault and violations of the University's policies." [Filing No. 6, ¶ 17].

4.      After the December 27 report "to the University," Plaintiff alleges Dodds engaged in various retaliatory conduct. [Filing No. 6, ¶ 18 - 21].

5.      On an unidentified date, Plaintiff allegedly reported to the University that Dodds "denied her the right to continue her required research," and that Dodds told Plaintiff to "take a semester off the University, transfer from the University to another university, and to get a job." [Filing No. 6, ¶ 22].

6.      On an unidentified date, Plaintiff allegedly sent an email to the University requesting to continue her research with Dodds and that the University told her it was not a good idea, and that Dodds did not want her back. [Filing No. 6, ¶ 24 – 25].

7.      On an unidentified date, Plaintiff sent an email to the University requesting a "non-hostile" environment that would not subject her to "further academic abuse."

8.      On April 14, 2020, IEC conducted an investigation and found that the greater weight of the evidence showed McCune engaged in sexual misconduct as defined by University's policy. [Filing No. 6, ¶ 28-29]. IEC recommended McCune's employment at the University be terminated. [Filing No. 6, ¶ 30].

9.      Plaintiff alleges the University failed or refused to adhere to the recommendation to terminate McCune. [Filing No. 6, ¶ 31].

### III. <u>STANDARD OF REVIEW</u>

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the **court to draw the reasonable inference** that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (emphasis added). Thus, the Court, in examining a motion to dismiss, must determine whether the plaintiff raises a plausible claim of entitlement to relief after assuming all factual allegations in the complaint to be true. *See Twombly*, 550 U.S. at 558. In other words, although it is not required that a complaint contain specific facts establishing a *prima facie* case, it is not enough for a complaint to merely announce its ultimate conclusion or to affix such conclusion to a set of insufficient facts. Rather, a complaint must make a threshold showing with sufficient facts to "state a claim upon which relief can be granted." *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506,  506 (2002).

When considering a motion to dismiss, "the Court must ordinarily confine its analysis to the four corners of the complaint and ignore all materials outside the pleadings." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th

Cir. 2011), as corrected (Aug. 4, 2011) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). "However, the Court may consider some materials that are ***part of the public record*** or do not contradict the complaint ... as well as materials that are necessarily embraced by the pleadings." *Id.* (citation omitted).

## IV.    ARGUMENT

### A. TITLE IX DOES NOT AUTHORIZE A LAWSUIT AGAINST SCHOOL OFFICIALS AND INDIVIDUALS, SUCH AS DODDS AND MCCUNE.

In the first count, Plaintiff alleges Dodds and McCune, in their individual and official capacities, discriminated and retaliated against her in violation of Title IX. These claims fail as a matter of law because individuals cannot be sued for alleged violations of Title IX.

Title IX reaches institutions and programs that receive federal funds. 20 U.S.C. § 1681(a). It is well settled law that Title IX does not authorize suit against school officials, teachers, and other individuals. *Doe v. Bd. of Regents of Univ. of Nebraska*, 509 F. Supp. 3d 1133, 1139 (D. Neb. 2020). *See also Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 247 (2009) ("Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a), which may include nonpublic institutions, § 1681(c), but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."); *Cox v. Sugg*, 484 F.3d 1062, 1066–67 (8th Cir. 2007) ("[B]ecause Title IX only prohibits discrimination by federal grant recipients, a supervisory school official may not be sued in his individual capacity, either directly under Title IX or under § 1983 based upon a violation of Title IX."); *Jenkins v. University of Minnesota*, 131 F.3d 860 (D. Minn. 2015) (holding supervisory official at state university to whom female graduate student reported sexual harassment by male scientist, an employee of United States

7

Fish and Wildlife Service (USFWS) who collaborated with university on student's research project, could not be sued in his individual capacity, either directly under Title IX or under § 1983, based upon violation of Title IX, arising from official's alleged failure to address harassment); and *Kinman v. Omaha Public School Dist.*,171 F.3d 607 (1999) (holding teacher who allegedly sexually assaulted student could not be sued in her individual capacity under Title IX).

Furthermore, because a "suit against a government officer in his official capacity is functionally equivalent to a suit against the employing government entity," the suit against the state officials in their official capacity for violation of Title IX should be dismissed as redundant since BRUN is also named. *King v. City of Crestwood, Missouri*, 899 F.3d 643, 650 (8th Cir. 2018) (holding "as '[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity,' a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named."); *Doe v. Bd. of Regents of Univ. of Nebraska*, 509 F. Supp. 3d 1133, 1139 (D. Neb. 2020) (quoting *McKay v. City of St. Louis*, 960 F.3d 1094, 1102 (8th Cir. 2020) (dismissing a Title IX claim against state officials in their official capacities because it is functionally equivalent to a suit against the employment governmental entity).

Accordingly, Plaintiff's Title IX claims asserted against Dodds and McCune must be dismissed.

### B. PLAINTIFF FAILED TO STATE A CLAIM OF FIRST AMENDMENT RETALIATION, AND MCCUNE AND DODDS ARE ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff asserts McCune and Dodds violated her First Amendment right to freedom of speech. Specifically, Plaintiff alleges that she engaged in protected conduct when she made complaints of sexual assault, discrimination, and retaliation in violation of Title IX and the Fourteenth Amendment, and that Defendants McCune and Dodds retaliated against her. [Filing No. 6, ¶ 60 – 72].

The Plaintiff's claims of retaliation require a showing that (1) the Plaintiff engaged in a protected activity; (2) the Defendants took a materially adverse action against her; and (3) the protected activity was the but-for cause of Defendants' adverse action. *See Laney v. City of St. Louis, Missouri*, 56 F.4th 1153, 1157 (8th Cir. 2023); *Henry v. Johnson*, 950 F.3d 1005, 1011 (8th Cir. 2020) (citation omitted); and *Thomas v. Culclager*, No. 4:20-CV-01486-LPR, 2023 WL 2478715, at *16 (E.D. Ark. Mar. 13, 2023). The Plaintiff has failed to plead these essential elements.

The Plaintiff failed to allege sufficient facts concerning the alleged protected conduct. For the Plaintiff to state a claim for violation of her right to freedom of speech, she must demonstrate that the speech is protected by the First Amendment and that the speech was the but-for cause of the adverse action. *See Laney*, 56 F.4th at 1157; *Lesher*, 12 F.3d at 151. "The inquiry into the protected status of speech is one of law, not fact." *McCullough v. Univ. of Arkansas for Med. Scis.*, 559 F.3d 855, 865 (8th Cir. 2009) (citation omitted).

In this case, the Plaintiff alleges she reported to the "University" the alleged sexual assault and retaliation. There is no allegation that she reported the alleged

sexual assault and retaliation *to* Dodds or McCune. There is no allegation when she reported the alleged retaliation. Nor does she provide the details of the report. *See, e.g. Lawton v. Bd. of Regents of Univ. of Nebraska*, No. 4:21CV3162, 2022 WL 2047600, at *15 - 16 (D. Neb. June 7, 2022) (holding the plaintiff failed to adequately allege a First Amendment retaliation claim because she failed to sufficiently allege exactly what the plaintiff had said). Similarly, this Plaintiff's utter failure to provide the content, form and context of the alleged protected conduct dooms her First Amendment retaliation claim to the same outcome of dismissal.

Additionally, Plaintiff has failed to state a nexus between any alleged protected activity and the alleged adverse action towards her. In order to state a claim under the First Amendment, Plaintiff must show her constitutionally protected conduct was a but-for-factor in the Defendants' actions that resulted in her transfer to another University. *Laney*, 56 F.4th at 1157.

Here, there is no allegation that McCune or Dodds were aware of the alleged reports Plaintiff made to the University or that they took part, in any way, in the investigation of the alleged reports. Accordingly, Plaintiff failed to plausibly allege, any protected conduct was the "but for" causation of any alleged action.

Moreover, to plausibly allege individual liability under § 1983, the Plaintiff must sufficiently allege facts to show McCune's and Dodds' personal involvement. "Section 1983 liability is personal." *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009). "To prevail on a § 1983 claim" for damages, "a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). The Court recently reiterated this fundamental rule in dismissing a claim of First Amendment retaliation against an officer of the

University, where the plaintiff failed to allege personal involvement by the officer in the alleged constitutional violations. *See Lawton v. Bd. of Regents of Univ. of Nebraska*, No. 4:21CV3162, 2022 WL 2047600, at *11 (D. Neb. June 7, 2022). As discussed above, there is no allegation that McCune or Dodds were aware of the alleged reports or protected conduct, and therefore, it is illogical that they had personal involvement in the alleged violation of the First Amendment.  Accordingly, Plaintiff's First Amendment Violations against McCune and Dodds, in their personal and official capacities, must be dismissed with prejudice.

If the Court somehow finds that Plaintiff has plausibly alleged a First Amendment violation by McCune and Dodds, Defendants are still protected from suit in their individual capacities by the doctrine of qualified immunity. This Court recently summarized main points of qualified immunity:

> Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in [their] individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Hager v. Ark. Dep't. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard v. Kan. City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009). If the plaintiff fails to allege sufficient facts on either prong, then the official is entitled to qualified immunity.

*Madsen v. City of Lincoln*, 574 F. Supp. 3d 683, 692 (D. Neb. 2021). For a constitutional right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

It defies logic to argue McCune violated the First Amendment when Plaintiff does not allege that he knew of the report to the University or that he somehow interfered in the investigation and disciplinary proceedings related to her report to the university. It is entirely unclear how he violated Plaintiff's First Amendment right and impossible to show he violated a constitutional right that was clearly established at the time of the alleged deprivation. The same goes for the claim against Dodds because there is no allegation that he even knew of Plaintiff's participation in an investigation by the University when he engaged in the alleged conduct listed in Paragraph 45 of the Amended Complaint.

### C. PLAINTIFF FAILED TO STATE A CLAIM OF FOURTEENTH AMENDMENT, EQUAL PROTECTION CLAUSE VIOLATION, AND DODDS AND MCCUNE ARE ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff also alleges the Defendants denied her equal protection under the Fourteenth Amendment. However, the details of this claim (violation of her Fourteenth Amendment) are murky, at best. [Filing No. 6, ¶ 73 – 98]. Specifically, Plaintiff, when asserting her equal protection claim, refers to other violations, such as "Defendants violated Plaintiff's First Amendment by retaliating against her based on her complaints of Title IX discrimination." [Filing No. 6, ¶ 81, 84]. She also alleges "Plaintiff was discriminated and retaliated against by Defendants for making a complaint for sexual assault, sex discrimination and retaliation in violation of Title IX." [Filing No. 6, ¶ 81, 84].

To the extent the alleged violations of the Equal Protection Clause are interpreted as class-of-one gender-based discrimination and retaliation under the Equal Protection Clause, those claims fail because there was no violation of a

constitutional right, nor was there a right that was clearly established in the specific context of Plaintiff's case at issue.

The Equal Protection Clause is a section of the Fourteenth Amendment to the U.S. Constitution that provides "no state shall...deny to any citizen within its jurisdiction the equal protection of the laws." To state an equal protection claim, Plaintiff "must, as a threshold matter, demonstrate that they have been treated differently by a state actor than others who are similarly situated simply because appellants [Plaintiff] belong to a particular protected class." *Keevan v. Smith*, 100 F.3d 644, 647–48 (8th Cir. 1996). "Treatment of dissimilarly situated persons in a dissimilar manner by the government does not violate the Equal Protection Clause." *Id.* "Absent a threshold showing that she is similarly situated to those who allegedly received favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.* (citations and quotation marks omitted).

 "To be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015). *See also Doe v. Bd. of Regents of Univ. of Nebraska*, 509 F. Supp. 3d 1133, 1143 (D. Neb. 2020) (quoting *Bogren v. Minnesota*, 236 F.3d 399, 408 (8th Cir. 2000)) (emphasis added) (holding to state an equal-protection claim, Plaintiff "must show, "as a threshold matter," that [defendants] 'treated her less favorably than similarly-situated [students] on account of her' sex" and "[t]he key requirement is that [she] ***allege*** and prove unlawful, purposeful discrimination" by each defendant.").

Plaintiff's claim fails given that she has not alleged facts supporting an

inference of gender discrimination under the Equal Protection Clause.  There is not one allegation of fact indicating that, when compared with other similarly situated individuals, she was treated differently based on an impermissible consideration such as gender, by any of the individually named Defendants or BRUN. Without such factual allegations, the Amended Complaint fails to give Defendants fair notice of the Plaintiff's claim and the grounds upon which it allegedly rests.

With respect to her equal protection claim against McCune, any argument that the alleged sexual assault or harassment falls within the purview of the Equal Protection Clause is incorrect. In order to assert a claim under Section 1983, the Plaintiff must allege that she was deprived of a constitutional right and that such deprivation was committed by a person acting under the color of state law.   Plaintiff does not allege McCune was acting under the color of state law. In fact, the alleged events of December 21, 2019, admittedly occurred off-campus, at an establishment/club called "The Max" located in Omaha, Nebraska, McCune's apartment and his vehicle. There is no allegation how the events of December 21, 2019, and the alleged conduct are related to the performance of his duties as an employee of University of Nebraska. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). "Case law is clear that a state employee, merely by publicly identifying himself as such, does not act under color of state law." *Brown v. Linder*, 56 F.4th 1140, 1144 (8th Cir. 2023). *See Brown*, 56 F.4th at 1144 ("Because the complaint failed to

14

identify any relationship between the officer's conduct and the performance of his duties as a state employee, the plaintiff did not adequately allege conduct under color of state law."); *Magee*, 747 F.3d at 36 ("[N]othing in [plaintiff's] complaint indicates that [defendant's] actions were made possible by, or undertaken in, his position as a police officer."). Accordingly, in the absence of a relationship between McCune's conduct and his duties at the University, Plaintiff's claim against McCune must be dismissed.

Finally, Plaintiff's allegation that Defendants retaliated against her for making a complaint of sexual assault, sex discrimination and retaliation in violation of Equal Protection Clause, such claim is not a cognizable claim. The "Supreme Court has [not] recognized an equal protection right to be free from retaliation." *Wilcox v. Lyons*, 970 F.3d 452, 458–59 (4th Cir. 2020). "[A] pure or generic retaliation claim ... simply does not implicate the Equal Protection Clause.'" *Id.* (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 250 (4th Cir. 1999) (quoting *Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997))).  Instead, such "retaliation claims brought under Section 1983 . . . [are] more properly characterized as claims asserting a violation of the First Amendment." *Id.  See e.g. Martin v. Duffy*, 858 F.3d 239, 252 (4th Cir. 2017) (affirming dismissal of equal protection claim because the plaintiff's claim of retaliation for filing grievance and participating in the grievance process was "best characterized as a mere rewording of his First Amendment Retaliation Claim."); *Kirby v. City Of Elizabeth City, N. Carolina*, 388 F.3d 440, 447 (4th Cir. 2004) ("the claims based on the allegation that Kirby was treated differently in retaliation for his speech are, at their core, free-speech retaliation claims that do "not implicate the

Equal Protection Clause.'"). In this case, because the retaliation claim does not implicate an Equal Protection Claim, it must be dismissed.

### D. PLAINTIFF'S CLAIMS ASSERTED IN COUNTS TWO AND THREE AGAINST BRUN AND MCCUNE AND DODDS, IN THEIR OFFICIAL CAPACITIES, ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY.

Plaintiff's claim against BRUN, and McCune and Dodds, in their official capacities, asserting violation of her First Amendment rights to freedom of speech and equal protection rights, is barred by the doctrine of sovereign immunity. "Sovereign immunity generally shields a state and its agencies from private suits in federal court without its consent." *Doe v. Bd. of Regents of Univ. of Nebraska*, 509 F. Supp. 3d 1133, 1140 (D. Neb. 2020) (citing *Franchise Tax Bd. of Cal. v. Hyatt*, 587 U.S. ——, ——, 139 S. Ct. 1485, 1496, 203 L.Ed.2d 768 (2019); *Church v. Missouri*, 913 F.3d 736, 742 (8th Cir. 2019)). The Nebraska Supreme Court and the Eighth Circuit have held that the Board of Regents and the University are state agencies and thus entitled to state sovereign immunity under the Eleventh Amendment to the United States Constitution and the Nebraska Constitution. *See Doe v. Bd. of Regents of Univ. of Nebraska*, 280 Neb. 492, 510, 788 N.W.2d 264, 281 (2010), *overruled on other grounds by Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). "Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, ***it provides an immunity from suit***." *Doe,* 509 F. Supp. 3d at 1140 (quoting *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766, 122 S. Ct. 1864, 152 L.Ed.2d 962, (2002)) (emphasis added).

There is no allegation BRUN waived its sovereign immunity for such claims, and therefore is afforded immunity from claims such as the one set forth in counts two and three of the Amended Complaint.

Moreover, state actors sued in their official capacities for damages are protected by the doctrine of sovereign immunity because they are not "persons" under § 1983, and thus are incapable of being sued under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Mayorga v. Missouri*, 442 F.3d 1128, 1131 n.2 (8th Cir. 2006)). A suit against a state agency or a state official is a suit against the State of Nebraska itself, and therefore is subject to and barred by state sovereign immunity. *Anthony K. v. Nebraska Dep't of Health and Hum. Serv.*, 289 Neb. 540, 546 (2014). As such, absent a waiver, a suit against McCune and Dodds, in their official capacities, is a suit against the State of Nebraska itself, and therefore is subject to and barred by sovereign immunity.

Further, the *Ex Parte Young* Doctrine—a narrow exception to sovereign immunity—does not save Plaintiff's claims against the individual Defendants, in their official capacities. "Under the exception established in *Ex Parte Young*, ... a private party may sue state officials in their official capacities for prospective injunctive relief." *Pharm. Rsch. & Manufacturers of Am. v. Williams*, 64 F.4th 932 (8th Cir. 2023) (citation omitted). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (citation omitted).

The Amended Complaint is devoid of any allegations of ongoing violation of federal law. Instead, the Amended Complaint alleges violations of her constitutional right when she allegedly reported the events of December of 2019 to the University, the University's investigation, and its decision in regard to such report.

In addition, dismissal is warranted, including the request for injunctive relief against McCune and Dodds, in their individual capacities, because there is no allegation that these Defendants have the power to accomplish what Plaintiff asks the Court to order them to do—reentry into the academic program in which she was enrolled. The Plaintiff must allege facts that show that McCune and Dodds have "some connection to the enforcement of the challenged laws." *Church v. Missouri*, 913 F.3d 736, 748 (8th Cir. 2019) (quoting *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017)). "Without that connection, the officer would be sued merely 'as a representative of the state' in an impermissible attempt to 'make the state a party.'" *Id.* "The proper state defendant in a § 1983 action seeking prospective injunctive relief is the person who '***would be responsible for ensuring that injunctive relief was carried out***, even if he was not personally involved in the decision giving rise to the plaintiff's claims.'" *Thomas v. Lincoln Reg'l Ctr. Staff Members*, No. 8:21CV368, 2021 WL 5759750, at *4 (D. Neb. Dec. 3, 2021) (quoting *Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012) (emphasis added).

In this case, the Plaintiff does not even tell this Court what McCune and Dodds' positions are at the University, let alone allege whether they, in their role at the University, are responsible for ensuring the requested injunctive relief is carried out. Plaintiff's claims against McCune and Dodds' asserted in counts two and three of the Amended Complaint, must be dismissed, in their entirety.

**E.** **PLAINTIFF'S CLAIMS OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (COUNTS FOUR AND FIVE) AGAINST BRUN AND MCCUNE AND DODDS, IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY.**

The sovereign immunity doctrine further extends to Plaintiff's claims against BRUN, and McCune and Dodds, in their official capacities, asserted in counts four and five of the Amended Complaint.

Exemptions from waived sovereign immunity are jurisdictional challenges and are <u>not</u> affirmative defenses which the state must plead and prove. *Davis*, 297 Neb. at 979, 902 N.W.2d at 186. Rather, Plaintiff bears the burden of pleading jurisdictional facts, showing the state has waived its sovereign immunity. *See Widtfeldt*, 2020 WL 3172548 at *3 ("The plaintiff bears the burden of demonstrating waiver of sovereign immunity."); *Washington*, 273 Neb. at 912–13, 734 N.W.2d at 311 ("In a facial attack, a court will look only to the complaint in order to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction."); *Creighton-Omaha Reg'l Health Care Corp.*, 202 Neb. at 689, 277 N.W.2d at 67 ("It is a general rule that a plaintiff must plead and prove . . . the facts which show that the court has jurisdiction of the subject matter of the action.").

The State Tort Claims Act provides "limited waivers of sovereign immunity, which are subject to statutory exceptions...." *Shipley*, 283 Neb. at 839, 813 N.W.2d at 461. "Tort claims means any claim against the State of Nebraska for money only...on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the state, while acting within the scope of his or her office or employment, under circumstances in which the state, if a private person, would be liable to the claimant for such damage, loss, injury, or death...." NEB. REV. STAT. § 81-8,210(4).

In this case, the Amended Complaint is devoid of facts that demonstrate a waiver of sovereign immunity. There is no allegation that the waiver of State Tort Claims Act applies. Nor is there an allegation that Plaintiff complied with the requirements of the State Tort Claims Act. Under the State Tort Claims Act, Plaintiff was required to file her claim with the Risk Manager for the State of Nebraska, pursuant to NEB. REV. STAT. § 81-8, 212. No suit is permitted under the State Tort Claims Act unless the Risk Manager or State Claims Board has made final disposition of the claim. NEB. REV. STAT. § 81-8, 213. There is no allegation in the Amended Complaint that Plaintiff filed a claim with the State of Nebraska's Risk Manager, nor is there an allegation that the State made a final disposition of Plaintiff's claims.

Accordingly, Plaintiff's claims of intentional and negligent infliction of emotional distress against BRUN, and Dodds and McCune, in their official capacities, are barred by the doctrine of sovereign immunity and must be dismissed with prejudice.

### F. PLAINTIFF FAILS TO STATE A CLAIM OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DODDS, IN HIS INDIVIDUAL CAPACITY.

Plaintiff's claims against Dodds, in his individual capacity, that he intentionally and with negligence inflicted emotional distress, should be dismissed for failure to state a claim. To recover under intentional infliction of emotional distress, Plaintiff must show: (1) intentional or reckless conduct; (2) that was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) the conduct caused emotional distress so severe that no reasonable person should be expected to endure it. *Roth v. Wiese*, 271 Neb. 750,

761, 716 N.W.2d 419, 431 (2006). And, to recover under negligent infliction of emotional distress (a negligence action), Plaintiff must show (1) a legal duty owed by Defendant to the Plaintiff; (2) breach of such duty; (3) causation; and (4) damages. *Cruz as Next Friend of Cruz v. Lopez*, 301 Neb. 531, 541 (2018).

In this case, Plaintiff's Amended Complaint fails in several respects in regard to the claim of intentional infliction of emotional distress. Plaintiff has not alleged conduct of Dodds that would be considered outrageous, beyond bounds of decency, atrocious or intolerable in a civilized community—certainly, not conduct that could cause severe emotional distress. She also did not allege facts that show that Dodds' actions were intentional or reckless. As stated above, there is not even an allegation that Dodds knew of the report to the University about the alleged December 21 events involving McCune.

Moreover, Plaintiff does not allege any legal duty owed by Dodds (other than the requirements of Title IX, which only apply to the institution BRUN) and a breach of such duty that caused damages to the Plaintiff. As a result, Plaintiff's claims asserted in counts four and five of the Amended Complaint, against Dodds, in his individual capacity, must be dismissed in their entirety and with prejudice.

## V.   **CONCLUSION**

Defendants respectfully request that the Court grant their Partial Motion to Dismiss.

21

Dated this 21st day of April, 2023.

BOARD OF REGENTS OF THE
UNIVERSITY OF NEBRASKA; ERIC
DODDS, in his individual and official
capacity; and CHRISTOPHER
MCCUNE Defendants

By:   /s/ Lily Amare
Susan K. Sapp #19121
Lily Amare #25735
Cline Williams Wright
  Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu

### CERTFICATE OF COMPLIANCE

I, Lily Amare, hereby certify that this Brief complies with the limits set forth in NECivR 7.1(d). Further, based on the Word Count function of Microsoft Word 2013 word processing software, applied to include all text, including the caption, headings, footnotes, and quotations, I certify this Brief contains 5,850 words.

/s/ Lily Amare
Lily Amare

## CERTIFICATE OF SERVICE

I, Lily Amare, hereby certify that on April 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case as well as electronically transmitted.

Keith Altman
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
keithaltman@kaltmanlaw.com

Jason W. Grams
LAMSON DUGAN & MURRAY LLP
10306 Regency Parkway Drive
Omaha, NE 68114
jgrams@ldmlaw.com

/s/ Lily Amare
Lily Amare

4863-5408-5458, v. 5