IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NADIA BIGLARI, | ) | Case No. 4:22-cv-3268 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF NEBRASKA | ) | |
| LINCOLN, by and through its Board of | ) | |
| Regents; ERIC DODDS, in his official | ) | |
| and individual capacity; | ) | |
| CHRISTOPHER MCCUNE, in his | ) | |
| official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT CHRISTOPHER MCCUNE'S BRIEF IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS**

---

Prepared and submitted by:

Jason W. Grams, #24596
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
Tele: (402) 397-7300 | Fax: (402) 397-7824
jgrams@ldmlaw.com
*ATTORNEYS FOR DEFENDANT*
*CHRISTOPHER MCCUNE, IN HIS INDIVIDUAL CAPACITY*

Defendant Christopher McCune, in his individual capacity, submits this brief in support of his motion to dismiss the claims against him in Plaintiff's first amended complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## INTRODUCTION

Plaintiff Nadia Biglari sued McCune on February 8, 2023. (*See* Filing No. 6.) Plaintiff alleges two state law tort claims, intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"), against McCune in his individual capacity. However, Plaintiff fails to set forth sufficient factual allegations to state cognizable claims against McCune. Instead, Plaintiff alleges boilerplate elements and legal conclusions that are devoid of factual support, such that her complaint fails to state a claim upon which relief can be granted. Plaintiff also alleges blanket claims under the First and Fourteenth Amendments against McCune, individually, that cannot be sustained because he is immune from suit in his individual capacity under the doctrine of qualified immunity and because he was never acting under color of law. Plaintiff further alleges that McCune discriminated and retaliated against her in violation of Title IX but fails to plead any facts that McCune retaliated at all, and fails to recognize that Title IX claims do not lie against individual defendants such as McCune. Last, the Court should deny supplemental jurisdiction over the state-law claims since all federal claims brought against McCune over which the Court has original jurisdiction are due to be dismissed.

Plaintiff's first amended complaint alleges numerous claims against "all defendants." However, certain defendants are sued in their official capacity which is functionally an allegation against the employer. *See, e.g.*, *Doe v. Univ. of Ark.-Fayetteville*, 974 F.3d 858, 866 (8th Cir. 2020) ("An official-capacity claim is a claim against the institution."); *King v. City of Crestwood, Missouri*, 899 F.3d 643, 650 (8th Cir. 2018). The University of Nebraska, Lincoln,

by and through its Board of Regents ("BRUN"), Eric Dodds, in his official and individual

capacities, and Christopher McCune, in his official capacity (collectively, the "BRUN

Defendants"), have moved to dismiss various other claims alleged in the first amended

complaint, including official capacity claims against McCune.  (*See* Filing Nos. 26-27.)

This motion and brief address only the claims and allegations made against McCune, in

his individual capacity.  Accordingly, Christopher McCune, in his individual capacity, moves to

dismiss the following claims: (1) Title IX, to the extent asserted against McCune in his

individual capacity; (2) First Amendment, Retaliation, to the extent asserted against McCune in

his individual capacity; (3) Fourteenth Amendment, Equal Protection Clause, to the extent

asserted against McCune in his individual capacity; (4) intentional infliction of emotional

distress, to the extent asserted against McCune in his individual capacity; and (5) negligent

infliction of emotional distress, to the extent asserted against McCune in this individual capacity.

## STATEMENT OF FACTS

On December 21, 2019, Plaintiff went on a date with McCune, who is not alleged to have

ever been her professor, teacher, or supervisor, to an Omaha establishment called, "The Max."

Plaintiff alleges that on this date, she was sexually assaulted by McCune at the establishment, in

a vehicle on the way to an apartment, and at the apartment.[1]  (Filing No. 6, at ¶¶ 11-14, 42, 83,

108, 120.)  Plaintiff reported to the University McCune's alleged conduct and violations of the

University's policy on December 27, 2019.  (Filing No. 6, at ¶ 17.)  Plaintiff does not allege that

McCune knew of Plaintiff's report or the investigation that followed.

---

[1] McCune strenuously denies these allegations.  However, McCune acknowledges that this Court
must accept a plaintiff's allegations as true when considering a motion to dismiss under Fed. R.
Civ. P. 12(b)(6).  *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

In count one of her amended complaint, Plaintiff alleges that McCune violated her right to be free from retaliation for making a report under Title IX. (Filing No. 6, at ¶¶ 37-58.) Although Plaintiff alleges in detail how other defendants retaliated or discriminated against her, Plaintiff does not allege that McCune engaged in any such conduct. In count two, Plaintiff alleges that McCune violated her First Amendment right to freedom of speech, again via retaliation. (Filing No. 6, at ¶¶ 59-72.) Yet, Plaintiff again does not make a single factual allegation that McCune retaliated. In count three, Plaintiff alleges that McCune denied her right to equal protection under the Fourteenth Amendment. (Filing No. 6, at ¶¶ 73-98.) But again, Plaintiff does not allege that McCune retaliated or discriminated against her nor that his alleged conduct was connected to his duties at the University. Indeed, Plaintiff does not allege McCune was ever in a position to discriminate or retaliate against her, even if he had been aware of her complaint. In counts four and five, Plaintiff alleges that McCune intentionally and negligently inflicted emotional distress on her. (Filing No. 6, at ¶¶ 99-127.) Although Plaintiff alleges that she suffered emotional distress, Plaintiff does not allege any facts required by Nebraska law regarding the severity of emotional harm she suffered. Specifically, there is no medical diagnosis alleged nor that treatment was sought for the emotional harm Plaintiff suffered.

## STANDARD OF REVIEW

### I.      Motion to Dismiss.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* While the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A court is not bound to accept as true a legal conclusion couched as a factual allegation. *Warmington v. Bd. of Regents of the Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021).  "Legal conclusions 'must be supported by factual allegations.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

To sufficiently allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged, a complaint must allege facts that, if true, would satisfy every element of the claim that the plaintiff must prove at trial.  *See, e.g., Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473-74 (8th Cir. 2009) (en banc) (affirming dismissal where facts pleaded did not support certain elements of the claim); *see also Cook v. George's, Inc.*, 952 F.3d 935, 939-40 (8th Cir. 2020) (evaluating motion to dismiss against elements of disability discrimination claim); *Blomker v. Jewell*, 831 F.3d 1051, 1056-59 (8th Cir. 2016) (evaluating motion to dismiss against elements of a hostile work environment claim).  Complaints that fail to do so must be dismissed. *See, e.g., Gregory*, 565 F.3d at 473-74.

## II.    Supplemental Jurisdiction

A federal district court has the power to decline the exercise of supplemental jurisdiction over state claims where the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).  When inquiring about this decision, a court should consider judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point

toward declining to exercise jurisdiction over the remaining state-law claims." *Zubrod v. Hoch*, 907 F.3d 568, 580 (8th Cir. 2018).  Where a party fails to show factors that distinguished their case from the usual case, the court should rule that the claim properly belongs in state court.  *Id*.; *see also Wilson v. Miller*, 821 F.3d 963 (8th Cir. 2016); *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810 (8th Cir. 2004).

### ARGUMENT

I.    **Plaintiff's Claims Against McCune, in his Individual Capacity, Under Counts One Through Three Must Be Dismissed.**

The BRUN Defendants addressed the inapplicability of Title IX to individual defendants and explained the applicability of the qualified immunity doctrine to individual defendants in in regard to Defendant Dodds, in his individual capacity.  (*See* Filing No. 27, at 7.)  These doctrines apply with equal force to McCune, in his individual capacity.  Further, the amended complaint alleges no facts whatsoever supporting a retaliation claim against McCune.

   A.    **Title IX does not authorize a cause of action against a private individual, like McCune.**

Plaintiff alleges McCune, in his individual capacity, discriminated and retaliated against her in violation of Title IX.  (*See* Filing No. 6, at ¶¶ 37-58.)  This claim fails as a matter of law because school officials cannot be sued for alleged violations of Title IX.  As the BRUN Defendants explain more fully in their brief, there is no cause of action against a private individual under Title IX.  (Filing No. 27, 7-8); *See Doe v. Bd. of Regents of Univ. of Nebraska*, 509 F. Supp. 3d 1133, 1139 (D. Neb. 2020) (quoting *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009)).  Accordingly, to the extent that Plaintiff asserts a claim against McCune, in his individual capacity, under Title IX, it must be dismissed.

**B.**      **Plaintiff fails to plead any facts suggesting McCune retaliated against her and McCune is entitled to qualified immunity.**

Plaintiff asserts McCune, in his individual capacity, violated her First Amendment right to freedom of speech, specifically alleging that she engaged in protected conduct when she made complaints to "the University" of sexual assault, discrimination, and retaliation in violation of Title IX and the Fourteenth Amendment, and that "Defendants" retaliated against her.  (Filing No. 6, at ¶¶ 60–72.)  However, as the BRUN Defendants explain in their brief, Plaintiff has failed to plead the essential elements that a claim of retaliation requires.  (Filing No. 27, at 9-10.)  Furthermore, Plaintiff has failed to plead a single fact indicating that McCune retaliated at all.

The Plaintiff's claims of retaliation require that (1) the plaintiff engaged in a protected activity; (2) the defendant took a materially adverse action against her; and (3) the protected activity was the but-for cause of defendant's adverse action.  *See Laney v. City of St. Louis, Missouri*, 56 F.4th 1153, 1157 (8th Cir. 2023); *Henry v. Johnson*, 950 F.3d 1005, 1011 (8th Cir. 2020) (citation omitted); *Thomas v. Culclager*, No. 4:20-cv-1486, 2023 WL 2478715, at *16 (E.D. Ark. Mar. 13, 2023).  Plaintiff fails to state a claim of retaliation against McCune as the pleading lacks any factual allegation that McCune engaged in any material adverse action against her, specifically retaliation, that McCune was ever put on notice of the alleged reports to the University or other protected conduct, or was ever in a position to retaliate against Plaintiff.  It defies logic to argue that Plaintiff's report was the but-for cause of an adverse action by McCune when McCune did not know of the report, did not engage in any adverse action, and, indeed, lacked the authority to do so.

In order to plausibly allege individual liability under Section 1983, the Plaintiff must sufficiently allege facts to show McCune's personal involvement.  "Section 1983 liability is personal."  *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009).  "To prevail on a § 1983 claim"

for damages, "a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). This Court recently reiterated this essential rule in dismissing a claim of First Amendment retaliation against an officer of the University, where the plaintiff failed to allege personal involvement by the officer in the alleged constitutional violations. *See Lawton v. Bd. of Regents of Univ. of Neb.*, No. 4:21-cv-3162, 2022 WL 2047600, at *11 (D. Neb. June 7, 2022). There is simply no allegation that McCune was aware of the alleged reports or any other protected conduct. This lack of McCune's personal involvement in the alleged violation of the First Amendment is fatal to Plaintiff's claim against McCune. Accordingly, Plaintiff's First Amendment claim against McCune, in his individual capacity, must be dismissed.

In addition, as the BRUN Defendants correctly point out, McCune, in his individual capacity, like Dodds, in his individual capacity, is protected by qualified immunity. (*See* Filing No. 27, at 11.) Therefore, even if the Court somehow found that Plaintiff had plausibly alleged a First Amendment violation by McCune, he is immune from suit in his individual capacity under the doctrine of qualified immunity.

> **C.      Plaintiff's claim of a Fourteenth Amendment, Equal Protection Clause violation against McCune should be dismissed for failure to plead necessary elements, and McCune is entitled to qualified immunity.**

In count three of her amended complaint, Plaintiff vaguely alleges that McCune denied her equal protection under the Fourteenth Amendment. (Filing No. 6, at ¶¶ 73–98.) Specifically, when asserting her equal protection claim, Plaintiff refers to alleged violations by others, such as "Defendants violated Plaintiff's First Amendment by retaliating against her based on her complaints of Title IX discrimination." (Filing No. 6, at ¶¶ 81, 84.) She also alleges, "Plaintiff

was discriminated and retaliated against by Defendants for making a complaint for sexual assault, sex discrimination and retaliation in violation of Title IX." (Filing No. 6, at ¶¶ 81, 84.)

The Equal Protection Clause is part of the Fourteenth Amendment to the U.S. Constitution, providing that "no state shall . . . deny to any citizen within its jurisdiction the equal protection of the laws." To state an equal protection claim, Plaintiff "must, as a threshold matter, demonstrate that they have been treated differently by a state actor than others who are similarly situated simply because [Plaintiff] belong[s] to a particular protected class." *Keevan v. Smith*, 100 F.3d 644, 647–48 (8th Cir. 1996). "To be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015). *See also Doe v. Bd. of Regents of Univ. of Neb.*, 509 F. Supp. 3d 1133, 1143 (D. Neb. 2020) (quoting *Bogren v. Minn.*, 236 F.3d 399, 408 (8th Cir. 2000)) (emphasis added) (holding to state an equal-protection claim, Plaintiff "must show, 'as a threshold matter,' that [defendants] 'treated her less favorably than similarly-situated [students] on account of her' sex" and that "[t]he key requirement is that [she] allege and prove unlawful, purposeful discrimination" by each defendant."). Similar to her claim against McCune for violating her First Amendment rights, Plaintiff fails to plead a single fact indicating that McCune engaged in retaliation or discrimination. Without such factual allegations, the amended complaint fails to give McCune notice at all of the grounds upon which the Plaintiff's retaliation claim rests.

In order to assert a claim under Section 1983, the Plaintiff must allege that she was deprived of a constitutional right and that such deprivation was committed by a person acting under the color of state law. "The traditional definition of acting under color of state law

requires that the defendant in a § 1983 action have exercised power possessed by virtue of state

law and made possible only because the wrongdoer is clothed with the authority of state law."

*Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *West v.*

*Atkins*, 487 U.S. 42, 49 (1988)).  "Case law is clear that a state employee, merely by publicly

identifying himself as such, does not act under color of state law."  *Brown v. Linder*, 56 F.4th

1140, 1144 (8th Cir. 2023).  *See Brown*, 56 F.4th at 1144 ("Because the complaint failed to

identify any relationship between the officer's conduct and the performance of his duties as a

state employee, the plaintiff did not adequately allege conduct under color of state law.");

*Magee*, 747 F.3d at 36 ("[N]othing in [plaintiff's] complaint indicates that [defendant's] actions

were made possible by, or undertaken in, his position as a police officer.").

Plaintiff has failed to allege McCune was acting under the color of state law.

Specifically, Plaintiff fails to draw any connection between the alleged events on December 21,

2019, and McCune's performance of his duties as an employee of BRUN.  Furthermore, Plaintiff

cannot allege such connection or that McCune was acting under the color of state law as McCune

was never Plaintiff's teacher or supervisor.  Absent a relationship between McCune's alleged

conduct and his duties at the University, Plaintiff's claim against McCune, in his individual

capacity, must be dismissed.  Accordingly, even if the Court somehow were to find that Plaintiff

plausibly alleged an Equal Protection Clause claim against McCune—which she has not—he is

immune from suit in his individual capacity by the doctrine of qualified immunity because he is

not alleged to have been acting under color of law.

## II.     Plaintiff's IIED and NIED Claims Against McCune, in His Individual Capacity, Should Be Dismissed Because Plaintiff Fails to Plead an Essential Element.

In counts four and five, Plaintiff alleges claims of intentional infliction of emotional

distress and negligent infliction of emotional distress agaisnt McCune.  (Filing No. 6, at ¶¶ 99-

127.)  As mentioned in the BRUN Defendants' brief, IIED and NIED claims against the State are barred by the doctrine of sovereign immunity.  (Filing No. 27, at 17-19.)  Plaintiff's claims for IIED and NIED agaisnt McCune, in his individual capacity, are insufficiently pled.  Plaintiff has failed to plead any facts regarding the severity of her emotional harm or that she suffered emotional harm that was medically diagnosable or that required treatment.  Therefore, these claims must be dismissed against McCune, in his individual capacity.

**A.      Plaintiff fails to plead sufficient facts regarding the severity of her alleged emotional harm as required for her IIED claim.**

In count four of her amended complaint, Plaintiff alleges a state common law claim of intentional infliction of emotional distress ("IIED") against McCune, in his individual capacity. (Filing No. 6, at ¶¶ 99-118.)  Plaintiff, however, fails to allege the facts necessary under Nebraska law to allow this Court to draw the reasonable inference that McCune intentionally inflicted emotional distress upon her that meets the required severity level of emotional harm. To prevail on a claim for IIED, Plaintiff must allege: (1) that there was intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it.  *Heitzman v. Thompson*, 270 Neb. 600, 604-05, 705 N.W.2d 426, 430-31 (2005).  When a plaintiff's petition fails to allege sufficient facts to state a cause of action for intentional infliction of emotional distress, the court will dismiss the action.  *Id*. at 607, N.W.2d at 432 (affirming dismissal for failure to state a claim).

Here, count four of Plaintiff's amended complaint fails to allege sufficient facts, that even if true, would entitle her to relief.  Courts have held sexual assault to be sufficiently outrageous and extreme conduct to ground a claim for IIED.  *E.g. Mindt v. Shavers*, 214 Neb. 786, 792, 337

N.W.2d 97, 101 (1983).  However, Plaintiff fails to plead any facts that support her allegation

that McCune's conduct caused her "emotional harm so severe that no reasonable person should

be expected to endure it."  *See Dale v. Thomas Funeral Home*, 237 Neb. 528, 531, 466 N.W.2d

805, 808 (1991) (holding that mere worry, embarrassment, humiliation, anger, and nervousness

do not meet the standard for severe emotional distress for an IIED claim); *See also Nichols v.*

*Busse*, 243 Neb. 811, 818, 503 N.W.2d 173, 180 (1993) (holding that a plaintiff's adjustment

disorder/stress syndrome that resulted in hypersomnia, insomnia, recurring nightmares, anxiety

attacks, depression, and headaches requiring prescription medication and counseling was

sufficient to support a finding of severe emotional distress).  Plaintiff offers a conclusory

allegation against all defendants regardless of capacity that "Defendants' actions were extreme

and outrageous that intentionally or reckless caused Plaintiff severe emotional harm," and that

"Defendants' actions caused severe emotional harm."  (Filing No. 6, at ¶¶ 101, 104.)  Plaintiff

fails, however, to provide any facts identifying the alleged emotional harm, or how the harm

amounts to a level of severity that no person should be expected to endure.  *See* Restatement

(Second) of Torts § 46, cmt. *j* ("The intensity and the duration of the distress are factors to be

considered in determining its severity").  Moreover, Plaintiff also fails to allege any facts

connecting the alleged actions of McCune to any emotional harm she may have suffered.

Plaintiff only draws connections between the "Defendants' unlawful discrimination and

retaliation," and the "hostile environment" to her emotional harm, none of which are actions that

McCune is properly alleged to have done.  (Filing No. 6, at ¶¶ 110, 115-116.)

Because Plaintiff fails to plead any factual support for severe emotional harm or draw any

connection between said emotional harm and McCune's alleged conduct, dismissal of Count IV

of her complaint against McCune, in his individual capacity, is proper.

**B.      Plaintiff fails to plead sufficient facts alleging her emotional harm was medically diagnosable or of the severity that is medically sufficient, as required for her NIED and IIED claims.**

In count five of her amended complaint, Plaintiff alleges a state common law claim of negligent infliction of emotional distress ("NIED") against McCune, in his individual capacity. (Filing No. 6, at ¶¶ 119-127.)  However, like her IIED claim, Plaintiff's NIED claim must be dismissed because she fails to allege sufficient facts showing entitlement to relief.  As a prerequisite to a valid claim for NIED, Plaintiff must show that McCune was negligent and that his negligence proximately caused her emotional distress.  *Sell v. Mary Lanning Mem'l Hosp. Ass'n*, 243 Neb. 266, 271, 498 N.W.2d 522, 525 (1993).

A plaintiff may bring a NIED claim under either a "bystander" or a "zone-of-danger" theory.  *Catron v. Lewis*, 271 Neb. 416, 420, 712 N.W.2d 245, 248-49 (2006).  Here, Plaintiff fails to indicate any connection between McCune's alleged conduct and one of these theories. She does, however, allege that due to her being in a graduate program which another defendant had control over placed her in the "zone-of-danger."  (Filing No. 6, at ¶ 118.)  This allegation is only relevant to certain of the BRUN Defendants because there is no allegation that McCune had any control over Plaintiff's graduate program.  This is the only factual content that Plaintiff asserts relating her claim of NIED to one of the necessary theories with no mention of a connection to any conduct by McCune.  Considering that it is unlikely Plaintiff could be considered a bystander regarding McCune's alleged conduct, it is unclear under which approved theory Plaintiff is bringing her NIED claim, as neither fit the alleged facts.

As with her IIED claim, Plaintiff's emotional harm is insufficiently pled.  In addition to the elements of a typical negligence claim, Nebraska has adopted heightened standard for emotional distress.  *See Schleich v. Archbishop Bergan Mercy Hosp.*, 241 Neb. 765, 770-71, 491

N.W.2d 307, 310-11 (1992).  First, similar to IIED, the emotional distress must have been so

severe that no reasonable person could have been expected to endure it.  *Id*.  Second, "the

emotional anguish or mental harm must be medically diagnosable and must be of sufficient

severity that it is medically sufficient."  *Schleich,* 241 Neb. at 771, 491 N.W.2d at 311.  Not only

does Plaintiff fail to allege factual content involving a medical diagnosis or that medical services

were even sought for her emotional harm, she fails to state any fact at all identifying the nature

and severity of her emotional harm other than generically alleging, "Defendants' conduct of

sexual assault, sex discrimination and retaliation caused emotional distress so that Plaintiff was

unable to endure it."  (Filing No. 6, at ¶¶ 125.)  This falls short of Nebraska's reasonable person

standard.  It is also the only connection that Plaintiff draws between McCune's alleged conduct

and her emotional harm.  However, this statement is merely a legal conclusion which must be

supported by factual allegations.  *Warmington*, 998 F.3d at 796; *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009).

Based on the commonality of the elements of Nebraska IIED and NIED claims, except

for differences in scienter, the pleading requirements of the two claims should be same.  After

the Nebraska Supreme Court explained the element of "severe emotional distress" required by an

IIED claim, the Court explicitly acknowledged that this was also a required element of an NIED

claim.  *Kant v. Altayar*, 270 Neb. 501, 506, 704 N.W.2d 537, 540 (2005) ("Severe emotional

distress is also an element of the tort of negligent infliction of emotional distress.").

Accordingly, there must be sufficient facts alleged and proven for each of the elements in order

for a plaintiff to recover for either an NIED claim or an IIED claim.  *Brandon* at 656, 624

N.W.2d at 620-21; *Heitzman* at 604-05, 705 N.W.2d at 430-31 (requiring a plaintiff attempting

to recover under a claim of IIED to allege facts showing there (1) had been reckless or

intentional conduct (2) which was so outrageous in character and so extreme in degree as to go

beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable

in a civilized community and (3) that the conduct caused emotional distress so severe that no

reasonable person should be expected to endure it).  Count V against McCune, in his individual

capacity, should be dismissed.

**III.     Plaintiff's state-law claims should be dismissed because there are no viable federal claims against McCune.**

This case contains no indicative factors that would suggest it should stay in federal court

once the federal claims against McCune have been dismissed.  A federal district court has the

power to decline the exercise of supplemental jurisdiction over state claims where the court has

"dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  In its

analysis, this Court should consider judicial economy, convenience, fairness, and comity.  *See*

*Carnegie-Mellon Univ*., 484 U.S. at 350.  After the dismissal of all claims with original

jurisdiction, an analysis of the factors will usually point to dismissal of the state claims finding

that they properly belong in state court.  *Zubrod*, 907 F.3d at 580.  After the dismissal of the

federal claims which originally grounded jurisdiction in federal court, the only claims that

remain are those that are governed by Nebraska law and are between Nebraska residents.  *See*

*Elmore v. Harbor Freight Tools USA, Inc*., 844 F.3d 764, 767 (8th Cir. 2016) (holding it would

be fairer and more convenient to allow a Missouri state court to hear the remaining state claims

since the case was only in the beginning stages and the claims are between Missouri residents).

There is no showing of any distinguishing factor from a "usual case" that would point

towards retaining the state claims in federal court, especially considering that this litigation is

still in the early stages and all of the federal claims against McCune should be dismissed.  What

we have here are two distinct cases, a federal case against the BRUN Defendants for several

theories of retaliation, and a state case against McCune for allegations of infliction of emotional

distress.  Once this Court concludes the federal claims are not properly alleged against McCune,

it should decline to exercise supplemental jurisdiction over the state law claims.

## CONCLUSION

Defendant Christopher McCune respectfully requests that the Court dismiss the claims

against him, in his individual capacity, in Plaintiff's amended complaint.

DATED this 3rd day of May, 2023.

CHRISTOPHER MCCUNE, in his
individual capacity, Defendant,


By:      s/ Jason W. Grams
         Jason W. Grams, #24596
         LAMSON, DUGAN and MURRAY, LLP
         10306 Regency Parkway Drive
         Omaha, NE 68114
         Tele: (402) 397-7300 | Fax: (402) 397-7824
         jgrams@ldmlaw.com
         *ATTORNEYS FOR SAID DEFENDANT*


## CERTIFICATE OF COMPLIANCE

In accordance with NECivR 7.1(d), I hereby certify that this brief contains 4,871 words, which includes all text, including the caption, headings, footnotes, and quotations as determined by Microsoft Word for Office 365.

s/ Jason W. Grams
Jason W. Grams


## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ Jason W. Grams
Jason W. Grams

4873-4609-3409, v. 1