## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NADIA BIGLARI, | **CASE NO. 4:22-cv-03268-SMB** |
| PLAINTIFF, | |
| v. | |
| UNIVERSITY OF NEBRASKA LINCOLN, *et al.* | |
| DEFENDANTS. | |

## PLAINTIFF'S RESPONSE
## TO DEFENDANTS' PARTIAL MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ iii

ARGUMENT .........................................................................................1

   A.  Standard of Dismissal .......................................................................1

   B.  Title IX Against School Officials and Individuals...........................................2

   C.  First Amendment Retaliation Claims and Qualified Immunity ......................2

   D.  Fourteenth Amendment Equal Protection Clause and Qualified Immunity ....5

   E.  Sovereign Immunity ........................................................................7

   F.  Official Capacity State Law Claims .................................................9

   G.  Individual Capacity State Law Claims ............................................9

CONCLUSION.......................................................................................10

CERTIFICATE OF COMPLIANCE........................................................11

CERTIFICATE OF SERVICE ...............................................................12

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................2

*Auer v. City of Minot*, 896 F.3d 854, 859 (8th Cir. 2018) .........................................4

*Bd. of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148

    L. Ed. 2d 866 (2001) ...............................................................................................8

*Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007) ......................................2

*Catron v. Lewis*, 271 Neb. 416, 420, 712 N.W.2d 245, 248-49 (2006) ..................11

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................2

*Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 S. Ct. 899, 157 L. Ed. 2d

    855 (2004) ...............................................................................................................8

*Gall v. Great Western Sugar Co*., 219 Neb. 354, 363 N.W.2d 373 (1985).............10

*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)

    ...........................................................................................................................5, 7

*Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).3

*Laney v. City of St. Louis*, 56 F.4th 1153, 1157 (8th Cir. 2023)...........................3, 4

*Lapides v. Bd. of Regents of Univ. Sys., of Ga*., 535 U.S. 613, 618, 122 S. Ct. 1640,

    152 L. Ed. 2d 806 (2002) ......................................................................................8

*Lujan Defs. Of Wildlife*, 504 U.S. 555 (1992) .........................................................1

*Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 572, 50 L. Ed. 2d 471 (1977)...........................................................9

*Mulla v. Univ. of Minn.*, No. 20-cv-931 (SRN/LIB), 2021 U.S. Dist. LEXIS 28469, at \*63 (D. Minn. Feb. 16, 2021) .......................................................5, 7

*Wright v. Rolette County*, 417 F.3d 879, 884 (8th Cir. 2005), *Cox v. Sugg*, 484 F.3d 1062, 1066 (8th Cir. 2007)...........................................................6

**Rules**

Fed. R Civ. P. 12(b)(1)...........................................................1

Fed. R. Civ. P. 12(b)(6)...........................................................1

Plaintiff, Nadia Biglari, by and through her attorney, The Law Office of Keith Altman, respectfully requests that the Court Deny Defendants' Partial Motion to Dismiss for the reasons set forth herein.

## ARGUMENT

### A.    Standard of Dismissal

Fed. R Civ. P. 12(b)(1) challenges a federal court's subject-matter jurisdiction. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] 'presume[es] that general allegations embrace those specific facts that are necessary to support the claim*." Lujan Defs. Of Wildlife*, 504 U.S. 555 (1992).

Rule 12 (b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Supreme Court has stated that the guidance between Rule 8 and Rule 12(b)(6) are as follows "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1957). The Court further stated in *Bell Atlantic Corporation* that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007). The plaintiff must allege

1

"enough facts to state a claim to relief that is plausible on its face." *Id*. In *Ashcroft v. Iqbal*, the Court further expanded on the test stating "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**B.     Title IX Against School Officials and Individuals**

Plaintiff concedes that Title IX claims are against the university exclusively.

**C.     First Amendment Retaliation Claims and Qualified Immunity**

"[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006), *Laney v. City of St. Louis*, 56 F.4th 1153, 1157 (8th Cir. 2023).

Following the assault by Defendant McCune, Plaintiff participated in protected speech when she reported the assault to Defendant Board of Regents University of Nebraska ("BRUN"). Defendant's argument that Dodds and specifically McCune is unconscionable. The Title IX complaint made to BRUN was in regard to McCune's actions against Plaintiff. As a result of Plaintiff's Title IX complaint, BRUN initiated an investigation that resulted in the recommendation that Defendant McCune be terminated from BRUN.

Following the Title IX investigation, Defendant Dodds intentionally and with knowledge of the Title IX complaint denied Plaintiff the ability to continue on with her education at BRUN.

Defendants argue further that there is no proof that either Defendants Dodds or McCune participated in the Title IX investigation. Defendant McCune was the alleged perpetrator in the Title IX investigation. As such, Defendant BRUN is required to notify Defendant McCune of the complaint made against him as well as to allow him to present evidence on his own behalf in regard to that complaint. As such, it is unconscionable that Defendant McCune was unaware of the Title IX complaint and thus is fully aware of Plaintiff's protected speech.

Exactly when Defendant Dodds and Defendant McCune learned of the Title IX investigation is a matter of fact to be determined through discovery.

A Plaintiff is required to show that "the adverse action . . . would not have been taken absent the [defendant's] retaliatory motive". *Laney v. City of St. Louis*, 56 F.4th 1153, 1158 (8th Cir. 2023), *Auer v. City of Minot*, 896 F.3d 854, 859 (8th Cir. 2018). But for Plaintiff reporting Defendant McCune to Defendant BRUN's Title IX office with a detailed complaint, Plaintiff would have maintained the student status at BRUN and completed the required learning to receive the desired degree. Plaintiff was unable to maintain student status at BRUN as a result of Defendant's retaliating against Plaintiff for filing the Title IX complaint and denying learning

3

opportunities. As such, Plaintiff has shown, and will continue to show through discovery, that Plaintiff exercising protected speech was the but for cause of Defendants' retaliation.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). To determine whether Defendants Dodds and McCune are entitled to qualified immunity, the court must consider whether (1) Plaintiff alleges facts showing the violation of a constitutional right by Defendants Dodds and McCune, and (2) the "right was clearly established at the time such that a reasonable person would have known that his conduct violated the law." *Id., Mulla v. Univ. of Minn.*, No. 20-cv-931 (SRN/LIB), 2021 U.S. Dist. LEXIS 28469, at *63 (D. Minn. Feb. 16, 2021).

Defendants violated Plaintiff's rights under the First Amendment when they retaliated against Plaintiff for exercising the rights to free speech in filing a Title IX complaint. The right to free speech under the First Amendment was well established at the time of the violation. A reasonable person would have known that retaliation for an exercise of free speech violated the United States Constitution under the First

4

Amendment. Defendants are not entitled to qualified immunity for their actions which they knew or should have known violated a well-established right.

## D.   Fourteenth Amendment Equal Protection Clause and Qualified Immunity

Defendants violated Plaintiff's rights under the Fourteenth Amendment when they discriminated against Plaintiff as a result of Plaintiff, who identifies as a woman, filing a Title IX complaint against Defendant McCune, a man. The right to be free from sexual assault, sexual discrimination and retaliation under the Fourteenth Amendment was well established at the time of the violation. A reasonable person would have known that retaliation as a result of a person's sex is a violation of the United States Constitution under the Fourteenth Amendment.

"[S]exual harassment by state actors violate[s] the Fourteenth Amendment and establishes a section 1983 action." *Wright v. Rolette County*, 417 F.3d 879, 884 (8th Cir. 2005), *Cox v. Sugg*, 484 F.3d 1062, 1066 (8th Cir. 2007).

Subsequent to Plaintiff filing a Title IX complaint, Plaintiff was not allowed to continue her research for the graduate program, told not to attend required meetings for the graduate program, Plaintiff's research project was given to another student, Plaintiff was further denied access to complete the research and told to transfer resulting in a hostile environment.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). To determine whether Defendants Dodds and McCune are entitled to qualified immunity, the court must consider whether (1) Plaintiff alleges facts showing the violation of a constitutional right by Defendants Dodds and McCune, and (2) the "right was clearly established at the time such that a reasonable person would have known that his conduct violated the law." *Id., Mulla v. Univ. of Minn.*, No. 20-cv-931 (SRN/LIB), 2021 U.S. Dist. LEXIS 28469, at *63 (D. Minn. Feb. 16, 2021).

Defendants violated Plaintiff's rights under the Fourteenth Amendment. The right to bodily autonomy and to be free from sexual assault under the Fourteenth Amendment was well established at the time of the violation. A reasonable person would have known that sexual assault violates an individual's rights. Defendants are not entitled to qualified immunity for their actions which they knew or should have known violated a well-established right.

6

E.    **Sovereign Immunity**

Plaintiff's claims against Defendants BRUN, Dodds and McCune for violations of the First and Fourteenth Amendment rights are not barred by sovereign immunity.

"Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Bd. of Trustees of Univ. of Ala. V. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). The second exception states that "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004). The third exception concerns a State's freedom "to waive its Eleventh Amendment immunity from suit in a federal court." *Lapides v. Bd. of Regents of Univ. Sys., of Ga.*, 535 U.S. 613, 618, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002).

Further, Eleventh Amendment immunity does not extend to independent political entities, such as counties or municipalities. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 572, 50 L. Ed. 2d 471 (1977). It is unconscionable that a university may be covered by Eleventh Amendment immunity while a local county or municipalities is not.

Plaintiff's treatment by Defendants violated federal law. Defendants are not immune from all claims by the Eleventh Amendment.

Sovereign immunity granted by the Eleventh Amendment does not extend to claims for injunctive relief. Plaintiff seeks injunctive relief through its Amended Complaint. While Plaintiff cannot seek compensatory damages on the §1983 claims, the claims for injunctive relief cannot be summarily dismissed. Defendant provides an overbroad interpretation of the parameters of sovereign immunity and Eleventh Amendment immunity.

Defendant's immunity argument does not apply to injunctive and declaratory relief under § 1331 and Ex Parte Young. Plaintiff is entitled to injunctive relief under the federal law. Plaintiff has laid out enough facts, taken in the light most favorable to Plaintiff, to provide for relief. Plaintiff suffered a violation of Plaintiff's constitutional rights, a violation that will continue until injunctive relief is granted. Injunctive relief for the reinstatement of Plaintiff can, and should, be imposed on Defendant BRUN. Injunctive relief against Defendants Dodds and McCune should be entered to ensure they do not further discriminate or retaliate against Plaintiff. Plaintiff will continue to suffer as a result of Defendants action until injunctive relief against all individuals is ordered. Plaintiff's claims should be allowed to move forward to discovery and a trial date set.

**F.    Official Capacity State Law Claims**

Plaintiff concedes the state law claims against Defendants in their official capacity in light of the Nebraska State Tort Claims Act.

**G.    Individual Capacity State Law Claims**

The elements of the tort of intentional infliction of emotional distress, sometimes referred to as the tort of outrage, are (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it. *Gall v. Great Western Sugar Co*., 219 Neb. 354, 363 N.W.2d 373 (1985).

Defendant McCune intentionally sexually assaulted the Plaintiff. Sexual assault by nature is outrageous in character and so extreme as to go beyond all decency. Sexual assault is a crime and is regarded as intolerable by society. The sexual assault of Plaintiff caused severe emotional distress. Sexual assault is something no one should have to endue and has caused Plaintiff severe emotional distress.

In order to recover on a claim of negligent infliction of emotional distress the following must be present (1) a legal duty owned by Defendant to the Plaintiff; (2) breach of such duty; (3) causation; and (4) damages. Plaintiff was the direct victim

9

of Defendant McCune. *Catron v. Lewis*, 271 Neb. 416, 420, 712 N.W.2d 245, 248-49 (2006). Plaintiff had a right to be free from sexual assault and bodily autonomy. Defendant McCune breached that duty. As a result, Plaintiff suffered severe emotional distress as a result of Defendant McCune's action.

### **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants Partial Motion to Dismiss as to Plaintiff's First Amendment claims, Fourteenth Amendment claims and state law claims against Defendant McCune in his individual capacity. Plaintiff has laid out ample and adequate facts in the Amended Complaint to support Plaintiff's causes of action. Plaintiff requests this honorable court allow the preceding causes of action to move forward to discovery and set a trial date.

Dated: May 24, 2023                          Respectfully Submitted,

/s/ Keith Altman
Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*

10

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certifies that this brief complies with the word court requirements of Nebraska Civil Rule 7.1(d)(3) and contains 2,123 words.


Dated: May 24, 2023                          Respectfully Submitted,

                                             _/s/ Keith Altman_____

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

*/s/ Keith Altman*
Keith Altman, Esq.