## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

NADIA BIGLARI,

                    PLAINTIFF,

v.

UNIVERSITY OF NEBRASKA
LINCOLN, *et al.*

                    DEFENDANTS.

**CASE NO. 4:22-cv-03268-SMB**

## PLAINTIFF'S RESPONSE
## TO DEFENDANT CHRISTOPHER MCCUNE'S MOTION TO
## DISMISS INDIVIDUAL CAPACITY CLAIMS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... iii

STANDARD OF DISMISSAL ....................................................................1

ARGUMENT ..............................................................................................2

    A.  Title IX Claims ...................................................................................2

    B.  First Amendment Retaliation Claims and Qualified Immunity .......................2

    C.  Fourteenth Amendment Equal Protection Clause and Qualified Immunity ....2

    D.  Individual Capacity State Law Claims ............................................................4

    E.  Supplemental Jurisdiction ................................................................................5

CONCLUSION ...........................................................................................6

CERTIFICATE OF COMPLIANCE ..........................................................8

CERTIFICATE OF SERVICE .....................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................1, 2

*Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007) ......................................1

*Catron v. Lewis*, 271 Neb. 416, 420, 712 N.W.2d 245, 248-49 (2006) ...................5

*Condor Corp. v. City of St. Paul*, 912 F.2d 215, 221 (8th Cir. 1990) ......................5

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................1

*Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) .............................5

*Easr v. South Dakota*, No. 4:22-CV-04126-RAL, 2023 U.S. Dist. LEXIS 26496, at

   *19 (D.S.D. Feb. 14, 2023)....................................................................................2

*Gall v. Great Western Sugar Co*., 219 Neb. 354, 363 N.W.2d 373 (1985)..............4

*Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1051 (D. Minn. 2003)

   ................................................................................................................................5

**Statutes**

28 U.S.C. § 1367(a) ...................................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

Plaintiff, Nadia Biglari, by and through her attorney, The Law Office of Keith Altman, respectfully requests that the Court Deny Defendant McCune's Motion to Dismiss for the reasons set forth herein.

## <u>STANDARD OF DISMISSAL</u>

Rule 12 (b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Supreme Court has stated that the guidance between Rule 8 and Rule 12(b)(6) are as follows "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1957). The Court further stated in *Bell Atlantic Corporation* that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *Bell Atlantic Corporation v. Twombly*, 55 U.S. 544 (2007). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. In *Ashcroft v. Iqbal*, the Court further expanded on the test stating "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

# ARGUMENT

## A.     Title IX Claims

Plaintiff concedes that Plaintiff's Title IX claim is against the university exclusively. Defendant McCune should be dismissed as to Count One.

## B.     First Amendment Retaliation Claims and Qualified Immunity

Plaintiff concedes that Plaintiff's First Amendment Retaliation Claim against Defendant McCune in his individual capacity only should be dismissed.

## C.     Fourteenth Amendment Equal Protection Clause and Qualified Immunity

A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), *Easr v. South Dakota*, No. 4:22-CV-04126-RAL, 2023 U.S. Dist. LEXIS 26496, at *19 (D.S.D. Feb. 14, 2023)

Defendant McCune violated Plaintiff's rights under the Fourteenth Amendment. Defendant McCune sexually assaulted Plaintiff. Following the seual assault, Defendant McCune denied all wrongdoing in Plaintiff's Title IX investigation against the weight of the evidence. The denial of all wrongdoing was retaliatory in nature. The right to be free from sexual assault, sexual discrimination and retaliation under the Fourteenth Amendment was well established at the time of the violation. A reasonable person would have known that retaliation as a result of a

person's sex is a violation of the United States Constitution under the Fourteenth Amendment.

Subsequent to Plaintiff filing a Title IX complaint against Defendant McCune, Plaintiff was not allowed to continue her research for the graduate program, told not to attend required meetings for the graduate program, Plaintiff's research project was given to another student, Plaintiff was further denied access to complete the research and told to transfer resulting in a hostile environment. Defendant McCune had ample access to the other faculty of BRUN to influence such a dramatic change in Plaintiff's circumstances.

To determine whether Defendant McCune is entitled to qualified immunity, the court must consider whether (1) Plaintiff alleges facts showing the violation of a constitutional right by Defendant McCune, and (2) the "right was clearly established at the time such that a reasonable person would have known that his conduct violated the law." *Id., Mulla v. Univ. of Minn*., No. 20-cv-931 (SRN/LIB), 2021 U.S. Dist. LEXIS 28469, at *63 (D. Minn. Feb. 16, 2021).

Defendants violated Plaintiff's rights under the Fourteenth Amendment. The right to bodily autonomy and to be free from sexual assault under the Fourteenth Amendment was well established at the time of the violation. A reasonable person would have known that sexual assault violates an individual's rights. Defendant

3

McCune is not entitled to qualified immunity for his actions which he knew or should have known violated a well-established right.

**D.   Individual Capacity State Law Claims**

The elements of the tort of intentional infliction of emotional distress, sometimes referred to as the tort of outrage, are (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it. *Gall v. Great Western Sugar Co.*, 219 Neb. 354, 363 N.W.2d 373 (1985).

Defendant McCune intentionally sexually assaulted the Plaintiff. Sexual assault by nature is outrageous in character and so extreme as to go beyond all decency. Sexual assault is a crime and is regarded as intolerable by society. The sexual assault of Plaintiff caused severe emotional distress. Sexual assault is something no one should have to endue and has caused Plaintiff severe emotional distress.

In order to recover on a claim of negligent infliction of emotional distress the following must be present (1) a legal duty owned by Defendant to the Plaintiff; (2) breach of such duty; (3) causation; and (4) damages. Plaintiff was the direct victim of Defendant McCune. *Catron v. Lewis*, 271 Neb. 416, 420, 712 N.W.2d 245, 248-

49 (2006). Plaintiff had a right to be free from sexual assault and bodily autonomy. Defendant McCune breached that duty. As a result, Plaintiff suffered severe and exacerbated emotional distress as a result of Defendant McCune's action. The likes of which are insurmountable and ongoing.

The trauma of a sexual assault is a lifelong issue Plaintiff is not required to deal with. The trauma has resulted in emotional distress, anxiety and fear. The emotional distress incurred require therapeutic treatment to endure.

### E.   Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a) a district court is permitted to exercise supplemental jurisdiction over claims that are a part of the same case or controversy as the claims that fall within the district court's original jurisdiction. "The district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011). In determining whether to exercise supplemental jurisdiction the Court considers judicial efficiency, convenience, and fairness to litigators. *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 221 (8th Cir. 1990). In assessing efficiency, convenience, and fairness, courts look to a number of factors, including "the stage of the litigation; the difficulty of the state claim; the amount of time and energy necessary for the claim's resolution; and the availability of a state forum." *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1051 (D. Minn. 2003).

5

The present case was brought forward as a result of Defendant McCune's sexual assault of the Plaintiff and the incurring injuries that resulted. Plaintiff's state law claims are intrinsically intertwined with Plaintiff's federal law claims brought against both Defendant McCune and the other Defendants. This honorable court should maintain the jurisdiction of Plaintiff's state law claims. To dismiss Plaintiff's state law claims would create additional costs of litigation, delay the adjudication of Plaintiff's well pled claims and further harm the Plaintiff. Plaintiff respectfully requests that the honorable Court maintain supplemental jurisdictions of Plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant McCune's Motion to Dismiss as to Plaintiff's First Amendment claims, Fourteenth Amendment claims and state law claims. Plaintiff has laid out ample and adequate facts in the Amended Complaint to support Plaintiff's causes of action. Plaintiff requests this honorable court allow the preceding causes of action to move forward to discovery and set a trial date.


Dated: May 26, 2023                    Respectfully Submitted,

                                       */s/ Keith Altman*
                                       Keith Altman, Esq.
                                       THE LAW OFFICE OF KEITH ALTMAN
                                       33228 West 12 Mile Road, Suite 375

Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certifies that this brief complies with the word court requirements of Nebraska Civil Rule 7.1(d)(3) and contains 1,293 words.

Dated: May 26, 2023                                   Respectfully Submitted,

*/s/ Keith Altman*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

*/s/ Keith Altman*
Keith Altman, Esq.