IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NADIA BIGLARI, | ) | Case No. 4:22-CV-3268 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| UNIVERSITY OF NEBRASKA LINCOLN, | ) | |
| by and through its Board of Regents; ERIC | ) | |
| DODDS, in his individual capacity; and | ) | |
| CHRISTOPHER MCCUNE, in his official | ) | |
| and individual capacity, | ) | |
| | ) | |
| Defendants. | | |

THIS MATTER is before the Court on the parties' Joint Motion for Protective Order. (Filing No. 47.)  The motion is granted.  Accordingly,

Pursuant to FED. R. CIV. P. 26(c) and the Joint Motion for Entry of Stipulated Protection Order submitted jointly by Plaintiff, Nadia Biglari ("Plaintiff") and Defendants the Board of Regents of the University of Nebraska ("Board of Regents"), Eric Dodds ("Dodds"), and Christopher McCune ("McCune"), collectively ("Defendants"), it is hereby ORDERED as follows:

1.     Definitions.  For purposes of this Order, "party" and "parties" shall mean the named parties to this litigation.

2.     Lawsuit. Plaintiff Nadia Biglari filed this action against the Board of Regents of the University of Nebraska, Eric Dodds and Christopher McCune. The remaining claims are Title IX, deliberate indifference and First Amendment, Retaliation.

3.     Materials Deemed Confidential.  If a party or an attorney for a party (or a third-party subject to subpoena issued by the Court in this case or an attorney for such third-party) has a good-faith belief that certain documents or other materials or information (including digital

information), subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the party or attorney shall mark each such document or other materials as "CONFIDENTIAL."  "CONFIDENTIAL" documents, materials, or information may include, but are not limited to: (a) any and all personnel-related documents relating to any current or former employees of the BRUN produced by any party; (b) non-public financial information about the parties; (c) non-public proprietary business information of Defendants; and (d) medical records and information, including but not limited to medical records or personal health information of Plaintiff and current or former employees of BRUN. Confidential material does not include pay information which has been or is readily available to the public pursuant to applicable laws.

4.     Designation of Depositions as Confidential.  Portions of depositions taken in this action that contain confidential information may be designated "CONFIDENTIAL" and thereby obtain the protections accorded other "CONFIDENTIAL" documents.  Confidentiality designations for depositions shall be made either on the record during the deposition or by written notice to the other party within thirty (30) days of receipt of the deposition transcript.  Unless otherwise agreed, depositions shall be treated as "CONFIDENTIAL" during the thirty (30) day period following receipt of the deposition transcript.  The deposition of any witness (or any portion of such deposition) that encompasses information or documents designated as "CONFIDENTIAL" shall be taken only in the presence of persons who are qualified to have access to such information.

5.     Redesignation of Materials or Depositions as Confidential.  In the event a party inadvertently produces confidential documents or materials without the designation "CONFIDENTIAL" or inadvertently fails to designate information in a deposition as

"CONFIDENTIAL," it shall not be deemed a waiver of the confidential nature of the information, documents or materials provided that the producing/designating party notifies all other parties of the inadvertent production or failure to designate within twenty-one (21) days after the producing party's production or after the party first learns of the failure to designate with respect to a deposition.   In the event the disclosing/designating party notifies the receiving party that information or a document or thing was produced without the appropriate confidentiality designation, the disclosing party shall provide the receiving party with replacement copies of the documents or things bearing the appropriate "CONFIDENTIAL" designation and page/line designations of any deposition testimony designated as "CONFIDENTIAL."   Upon receipt of the replacement copies, the receiving party shall retrieve and return or destroy all copies of the previously produced documents or things.

6.      Challenging Designation of Confidentiality.  If a party or an attorney for a party disputes whether a document or other material should be marked "CONFIDENTIAL", the parties and/or attorneys shall attempt to resolve the dispute between themselves.  If they are unsuccessful, the party or attorney asserting the confidentiality designation shall do so by filing an appropriate motion. The disclosing/designating party retains the burden of establishing the protected nature of any document or information claimed as "CONFIDENTIAL" pursuant to Federal Rule of Civil Procedure 26(c) and this Stipulated Protective Order.

7.      Distribution of Confidential Materials.  No party or attorney or other person subject to this Protective Order shall distribute, transmit, disclose or otherwise divulge any document or other material which is marked "CONFIDENTIAL", or the contents thereof, except in accordance with this Stipulated Protective Order.

8.      Persons Entitled to View Materials.   Any document or other material which is marked "CONFIDENTIAL," or the contents thereof may only be disclosed to the following individuals:

a.      the Plaintiff and any individuals Plaintiff's counsel determines, in good faith, are potential witnesses in this action, provided that Plaintiff's counsel shall not allow any such individuals to retain a copy (in any form whatsoever) of any document or material marked "CONFIDENTIAL";

b.      the Defendant, including their board members, Title IX officers, and management employees, as well as those current and former employees and representatives who have a need to know or review such documents or materials in order to represent the Defendant's interests in this matter or to sufficiently testify during a deposition or at any trial of this case;

c.      counsel for the parties to this action who are involved in the conduct of this action, together with the partners, associates, secretaries, paralegals, assistants, agents and employees of such counsel;

d.      the insurer for any named Defendant, together with the insurer's designated claims representatives, adjusters, employees, or representatives who have a need to know or review such documents or materials;

e.      the Court and any court officials involved in this action (including persons such as court reporters and persons operating video recording equipment at depositions);

f.      any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

4

g.     persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary to prepare them to testify or to sufficiently examine their scope of knowledge on matters relevant to this case; all such individuals must sign the undertaking attached hereto as Attachment "A";

h.     outside consultants or experts consulted or retained for the purpose of assisting counsel in this action who sign the undertaking attached hereto as Attachment "A", but only to the extent reasonably necessary for them to provide such services in this action; and

i.     any person or entity who created the document or previously viewed or received the document in a lawful, legitimate manner.

9.     <u>Use of Confidential Materials.</u>  Any document or other material which is marked "CONFIDENTIAL", or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made pursuant to and in compliance with the terms of this Protective Order, only for the purpose of this action.  Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "CONFIDENTIAL", or the contents thereof, as evidence at trial or on any motion, or at any deposition taken in this action, as long as the party using the document or other material complies with the other provisions of this Protective Order.  The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures in court filings and proceedings to protect the confidentiality of any document or other material which is marked "CONFIDENTIAL."  A party seeking to file materials marked "CONFIDENTIAL" under seal must follow the procedures set forth in Local Rule NECivR 5.3(c) and may file documents and pleadings under restricted access pursuant to Local Rule NECivR 5.3(c).  If the pleading or

document is already subject to this Protective Order, no additional formal motion to file under restricted access is required.  Any documents or pleadings to be filed with the Court must bear the caption of this litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.

10.     Return or Destruction of Confidential Materials After Litigation.  At the conclusion of the proceedings in this action, the recipient of all documents and materials marked "CONFIDENTIAL", including any copies or extracts or summaries thereof, or documents containing or derived from information taken therefrom, shall submit a written certification that all "CONFIDENTIAL" materials have been destroyed.  Notwithstanding the other provisions of this paragraph, counsel for each party may retain up to two (2) complete sets of the pleadings, trial transcripts, exhibits admitted in any deposition, documents filed with the court, deposition transcripts (including deposition exhibits), and discovery responses and shall remain bound to preserve the confidentiality of such documents in accordance with the provisions of this Protective Order.   Nothing herein shall require legal counsel for any party to return or destroy correspondence, including electronic email correspondence, which has "CONFIDENTIAL" materials attached thereto.

11.     Subpoenas and Legal Process.  In the event that any of the parties are subpoenaed or are served with any other legal process by a person not a party to this litigation, and are requested to produce or otherwise disclose "CONFIDENTIAL" information that was so designated by another party, the party subpoenaed or served as referred to in this paragraph shall give written notice within five days to the party who produced the information in this litigation.  Nothing in this Protective Order shall be construed as requiring the party from whom "CONFIDENTIAL" information was requested to challenge or appeal any order requiring production of such

information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. Notwithstanding the other provisions of this paragraph, a party from whom "CONFIDENTIAL" documents or information are subpoenaed or otherwise required by a governmental agency may produce the documents or information to that agency without itself making objections but shall provide written notice of any such subpoena to the party who disclosed the "CONFIDENTIAL" information within five days.

12.    No Effect on Other Issues.  Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the documents or other materials marked "CONFIDENTIAL" and disclosed pursuant to this Protective Order.

13.    Waiver and Modification.  To be effective, any waiver under this Protective Order must be made in writing or on the record in a deposition or court proceeding. Nothing herein limits the scope of discovery under the Federal Rules of Civil Procedure or shall be construed to limit any party's ability to file a motion seeking any modification of this Protective Order.

Dated this 5th day of September, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

7

**ATTACHMENT "A"**
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NADIA BIGLARI, | ) | Case No. 4:22-CV-3268 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATION** |
| | ) | |
| UNIVERSITY OF NEBRASKA LINCOLN, by | ) | |
| and through its Board of Regents; ERIC DODDS; | ) | |
| in his official capacity and individual capacity; | ) | |
| and CHRISTOPHER MCCUNE, in his official | ) | |
| and individual capacity, | ) | |

Defendants.

I, the undersigned individual, hereby certify that I have read the attached Stipulated Protective Order in Nadia Biglari v. The Board of Regents of the University of Nebraska, Eric Dodds, and Christopher McCune, Case No. 4:22cv3268, dated September 5, 2023 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" documents or information to, or discuss such with, any person, entity, or party who is not entitled to receive "CONFIDENTIAL" documents and information in accordance with the Order. I will use "CONFIDENTIAL" documents and information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will keep all "CONFIDENTIAL" documents and information confidential in accordance with this Order. I hereby agree that the Order applies to me, that I will comply with the Order, and that I will submit to the jurisdiction of the United States District Court for the District of Nebraska for the purposes of any proceedings relating to the Order.

Dated this _____ day of _____, 202__.

_____
Signature

_____
Printed Name and Company

_____
Address

8