IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NADIA BIGLARI, | |
| Plaintiff, | 4:22CV3268 |
| vs. | |
| | ORDER |
| UNIVERSITY OF NEBRASKA LINCOLN, by and through its Board of Regents; ERIC DODDS, in his official and individual capacity; and CHRISTOPHER MCCUNE, in his official and individual capacity; | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Strike Jury Demand. ([Filing No. 54](#).) For the reasons explained below, the motion will be granted.

## DISCUSSION

The only claims remaining in this action are: (1) Plaintiff's claims against the Board of Regents of the University of Nebraska ("BRUN"), alleging BRUN violated Title IX; and (2) Plaintiff's claim against Eric Dodds ("Dodds"), in his individual capacity, for violation of the First Amendment.[1] BRUN requests that Plaintiff's jury demand be stricken as to the Title IX claim.

---

[1] On February 27, 2024, BRUN filed a Suggestion of Death for Eric Dodds. ([Filing No. 63](#).) Dodds passed away on July 29, 2023. The Suggestion of Death requests that the Court dismiss this suit against Dodds unless Plaintiff files a motion for substitution within ninety (90) days of the Suggestion of Death's filing. To date, a motion for substitution has not been filed.

BRUN argues Plaintiff does not have a constitutional or statutory right to a jury trial on the Title IX claim because BRUN, a state agency, enjoys sovereign immunity.[2]

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011). "A State, however, may choose to waive its immunity in federal court at its pleasure." Sossamon v. Texas, 563 U.S. 277, 284 (2011). Still, "[a] State's consent to suit must be unequivocally expressed in the text of the relevant statute." Id. at 285.

Plaintiff argues BRUN waived sovereign immunity under 42 U.S.C. § 2000d-7 by accepting federal funds. See Jim C. v. United States, 235 F.3d 1079, 1081 (8th Cir. 2000) ("Congress may require a waiver of state sovereign immunity as a condition for receiving federal funds."). Pursuant to 42 U.S.C. § 2000d-7, a State is not immune under the Eleventh Amendment from suit in federal court "for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C. § 2000d-7. However, as this Court has previously found, Title IX and 42 U.S.C. § 2000d-7 do not contain unequivocal waivers of sovereign immunity that extend to a jury trial. See Abdulsalam v. Board of Regents of the University of Nebraska, No. 4:22CV3004, 2023 WL 2374460, at *2 (D. Neb. Mar. 6, 2023) (holding that although Title IX waives state sovereign immunity from suit, there is no provision in Title IX imposing a waiver that extends to a jury trial); Doe 1 v. Bd. of Regents of the Univ. of Neb., No. 4:20CV3081, 2023 WL 3548212, at *2 (D. Neb. May 18, 2023) (finding that Title IX and 42 U.S.C. § 2000d-7 do not explicitly contain waivers of sovereign immunity that extend to a jury trial).

If a statute is silent on the issue of jury trial, "then it is necessary to inquire whether a jury trial is constitutionally required under the Seventh Amendment." Panazides v. Virginia Bd. of Education, 13 F.3d 823, 827 (4th Cir. 1994). Under the Seventh Amendment, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the

---

[2] BRUN is not requesting that the jury demand be stricken as to Plaintiff's claim against Dodds in his individual capacity. (Filing No. 55.)

United States, than according to the rules of the common law." U.S. Const. amend. VII. "[T]he thrust of the [Seventh] Amendment was to preserve the right to jury trial as it existed in 1791." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42 (1989). To determine whether the Seventh Amendment requires a jury trial, courts consider: (1) whether the cause of action was "tried at law at the time of the founding or is at least analogous to one that was;" and (2) "whether the particular trial decision must fall to the jury in order to preserve the substance of the common law right as it existed in 1791." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999) (internal quotations and citations omitted).

The Seventh Amendment does not provide Plaintiff the right to a jury trial on her Title IX claim because it is not analogous to a historical cause of action. There was no action equivalent to a Title IX claim against state entities when the Seventh Amendment was adopted. *Abdulsalam*, 2023 WL 2374460, at *2. "Since there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial." *Id*. (quotation omitted). *See also Jacobson v. Shresta*, 288 Neb. 615, 624, 849 N.W.2d 515, 521 (2014) ("In 1875, there was no right to a jury trial on any issue in a suit against the State or its political subdivisions because the common-law doctrine of sovereign immunity, and the related common-law doctrine of governmental immunity, operated to bar such suits at that time.") Therefore, there is no Seventh Amendment right to a jury trial on Plaintiff's IX claim.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike Jury Demand (Filing No. 54) is granted as to Plaintiff's Title IX claim against BRUN.

Dated this 2nd day of April, 2024.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge