IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NADIA BIGLARI,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA LINCOLN, by and through its Board of Regents; and ERIC DODDS, in his official and individual capacity;<br><br>Defendants. | 4:22CV3268<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the suggestion (notice) of the death of Defendant Eric Dodds (Filing No. 63) and Plaintiff's motion to substitute (Filing No. 74.) For the reasons that follow, the motion to substitute will be denied without prejudice to reassertion.

BACKGROUND

Plaintiff's Amended Complaint alleges claims for violation of Title IX, the First and Fourteenth Amendments, and claims of intentional and negligent infliction of emotional distress. (Filing No. 6.) Defendants are the University of Nebraska Lincoln, by and through its Board of Regents ("University"), and Eric Dodds in his individual capacity ("Dodds").[1]

On February 27, 2024, the University filed a Suggestion of Death, suggesting to the Court that Defendant Dodds is deceased. The Suggestion of Death was served on Plaintiff using the CM/ECF system and sent to Abbegayle Dodds and her attorney, Greg Barton, by first class mail and email. (Filing No. 63; Filing No. 76, attachments 1-4.) The University attached a copy of the Letters of Personal Representative, authorizing Abbegayle Dodds, the mother and guardian of Dodds' only minor child, to serve as Personal Representative of Dodds' estate. (Filing 63-2.) The University requested an order dismissing the action against Dodds unless a duly authorized

---

[1] Defendant Charlie McCune's motion to dismiss was granted and he was dismissed as a party. (Filing No. 41.) Dodds' motion to dismiss was granted in part and denied in part, and the claims against him in his official capacity were dismissed. (Filing No. 41.)

representative of Plaintiff filed an appropriate motion for substitution of parties within 90 days. (Filing No. 63.)

On May 28, 2024, Plaintiff filed a motion to substitute, requesting to add the Estate of Eric Dodds as a defendant in place of Eric Dodds. (Filing No. 74.)  Abbegayle Dodds nor her attorney were served with a copy of the Motion to Substitute or a notice of hearing. (Filing No. 76-1; Filing No. 76-2.)  Defendants filed a response in opposition to the motion requesting the court deny the motion for failure to satisfy the substantive and procedural requirements of Fed. R. Civ. P. 25(a) and requesting the court deny the motion to substitute with prejudice.  Plaintiff did not file a reply brief and the time for doing so has passed.

ANALYSIS

Plaintiff's motion to substitute requests that "'Estate of Eric Dodds, Deceased' be substituted in place of Eric Dodds as defendant in this action, so that Plaintiff's claims survive, and the action may proceed as intended." (Filing No. 74.)  Defendants assert Plaintiff's motion to substitute was substantively and procedurally deficient.  Specifically, Defendants argue Plaintiff failed to identify and serve a proper party[2] and failed to file and serve a notice of hearing in compliance with Fed. R. Civ. P. 25(a). Defendants argue that Plaintiff's motion to substitute must be denied with prejudice.

I.   Defendant's Motion to Substitute was Not Properly Served

When a party dies during the litigation and the action does not abate, the Court may order substitution of the proper party. Fed. R. Civ. P. 25(a)(1).  A notice of death, a motion for substitution and a notice of hearing must be served on all parties pursuant to Rule 5 and on all nonparties pursuant to Rule 4. Fed. R. Civ. P. 25(a)(3). Rule 25 applies when, as here, the litigants seek to

---

[2]   Citing Fed. R. Civ. P. 25(a)(1) and *In re Baycol Prod. Litig.*, 616 F.3d 778, 788 (8th Cir. 2010), the University argues in naming "the Estate of Eric Dodds" Plaintiff has not named a proper party under Federal or Nebraska Law. *See, also,* Neb. Rev. Stat. § 25-322 and Neb. Rev. Stat. § 25-1411. However, the Court will not reach that argument at this time.

bring a decedent party's estate into the lawsuit. See MWG Enterprises, LLC v. ETS Wound Care, LLC, No. 4:19-CV-00424, 2021 WL 5758440, at *1 (E.D. Mo. Dec. 3, 2021).

To effectuate service under Rule 4, a party may either follow state law where service is made or fulfill one of the following: (a) deliver a copy to the individual personally; (b) leave a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) deliver a copy to an authorized agent. Fed. R. Civ. P. 4(e). Nebraska's statutes for service of process provide for: (a) personal service; (b) residential service; (c) service by certified mail with a return receipt requested; and, (d) designated delivery service. Neb. Rev. Stat. § 25-505.01

"Rule 25(a)(3)'s non-party service requirement serves two important purposes: It assures actual notice to the proper nonparty, Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994), and it brings such nonparties within a court's jurisdiction before ordering substitution. Ransom v. Brennan, 437 F.2d 513, 516-18 (5th Cir. 1971)." Benacquisto v. Am. Express Fin. Corp., 44 F.4th 741, 744 (8th Cir. 2022). Because Rule 4 is considered jurisdictional, Rule 25(a)(3) ensures that a court first obtains personal jurisdiction over a nonparty personal representative before granting substitution. Giles v. Campbell, 698 F.3d 153, 158 (5th Cir. 2012); Ransom, 437 F.2d at 518. Courts therefore consider service on a personal representative in a manner conforming with Rule 25(a)(3) and Rule 4 to be a prerequisite to valid substitution and exercise of personal jurisdiction. See Benacquisto v. Am. Express Fin. Corp., 2021 WL 2229805, at *3 (D. Minn. May 5, 2021). Cf. Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (explaining that a district court lacks jurisdiction over an improperly served party whether or not it had notice of the lawsuit).

Plaintiff's Certificate of Service indicates only that the motion was electronically filed, and that Plaintiff would send notice of the filing to all parties. (Filing No. 74.) (emphasis added). There is no indication that the motion was served upon any relevant nonparties, successors or representatives of Defendant Dodds' estate in the manner provided in Fed. R. Civ. P. 4, as required by Rule 25(a)(3). Therefore, Plaintiff's motion to substitute will be denied.

II.     Denial of the Motion without Prejudice

Defendants request that Plaintiff's motion to substitute be denied with prejudice because "Plaintiff cannot cure the procedural or substantive deficiencies because she filed the Motion on the deadline." (Filing 75) (citing Fed. R. Civ. P. 25(a)(1) "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

Rule 25(a)(3) provides that a notice of death must be served on all parties in the same manner as a motion to substitute. The nonparty service requirement has been considered mandatory, even where the nonparty has actual notice of the pending action.  *See, e.g., Ransom v. Brennan*; *Giles v. Campbell*, 698 F.3d at 153 ("Campbell's executrix, representing his estate, is a nonparty to Giles's lawsuit and, thus, must have been served pursuant to Rule 4.");  *see also Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) (holding that Rule 25 requires service "on nonparties, specifically the successors or representatives of the deceased party's estate....").

Failure to properly serve a nonparty has been treated as a basis to regard the substitution motion as a legal nullity.  *Giles*, 698 F.3d at 159 (citing *Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008)) ("Because neither the Government nor Giles served the estate pursuant to Rule 4, we treat their filings as nullities and conclude that the District Court lacked personal jurisdiction over the estate.") (internal citation omitted).

Defendants' filings demonstrate that the University served Plaintiff using the Court's CM/ECF system and sent the notice of death to Abbegayle Dodds and her attorney by first class mail and email. (Filing No. 63; Filing No. 76, attachments 1-4.) Abbeygayle clearly has actual notice of the proceedings, as Defendants included her affidavit with their response to the motion to substitute. However, there is no indication that Abbeygayle or any other successor was served in the manner provided in Fed. R. Civ. P. 4, as required by Rule 25(a)(3).

When the notice of death is not properly served, the 90-day limitations period for a motion to substitute does not begin to run.  *See Barlow v. Ground*, 39 F.3d at 233-234 (holding "the 90

day period provided by Rule 25(a)(1) will not be triggered against [an] estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4"); *Universitas Educ., LLC v. Granderson*, 98 F.4th 357, 375-76 (1st Cir. 2024) (holding "the statement noting the death 'must be served upon the decedent's successor or personal representative before the 90-day clock starts to run.'"); *See, also, Fariss v. Lynchburg Foundry,* 769 F.2d 958, 962 (4th Cir. 1985) (holding that to satisfy Rule 25(a)(1) service must be on the nonparty representative of the deceased, not merely on the deceased's attorney, and because the representative was not personally served, the 90-day substitution period never began).

Plaintiff's motion to substitute will be denied without prejudice because Plaintiff's 90-day limitations period has not yet been triggered. The court notes that the Plaintiff may renew her motion to substitute even if a notice of death is not properly served. See *Kaubisch v. Weber,* 408 F.3d at 543 (8th Cir. 2005) (noting the Advisory Committee Notes to Rule 25 state that a motion for substitution may be made by any party or representative of the deceased party without awaiting the suggestion of death). However, if a notice of death is properly served, Plaintiff would be subject to the 90-day limitation for a renewed motion to substitute under Rule 25(a)(1). Either way, for the court to consider the merits of a renewed motion, the motion must comply with the requirements of Rule 25(a).

Accordingly,
1) The Clerk is directed to terminate the Suggestion of Death as a motion. (Filing No. 63.)
2) Plaintiff's motion to substitute is denied without prejudice to reassertion. (Filing No. 74.)

Dated this 5th day of August, 2024.

BY THE COURT:

Susan M. Bazis
United States District Judge