IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NADIA BIGLARI,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>UNIVERSITY OF NEBRASKA LINCOLN,<br>by and through its Board of Regents; and<br>ABBEGAYLE DODDS, Personal<br>Representative of the Estate of Eric Dodds,<br>deceased;<br><br>　　　　　　Defendants. | **4:22CV3268**<br><br><br>**FINAL PROGRESSION ORDER**<br>**(SECOND AMENDED)** |

A status conference was held on March 3, 2025. Keith L. Altman appeared for Plaintiff and Lily Amare appeared for Defendant. The parties discussed the pending Unopposed Motion to Extend (Filing No. 100) and jointly moved for a stay of case progression as they had recently agreed to mediate this case, which they hope to complete in approximately 30-60 days. (Filing No. 102).

The undersigned expressed concern regarding the length of time this case had been pending and noted the goal of resolving this case within three years of the filing. Therefore, the oral motion to stay case progression will be denied, but case progression deadlines will be extended to allow the parties to focus on preparation for mediation and to avoid unnecessary discovery expenditures. Plaintiff's counsel noted that if mediation is not successful, Plaintiff plans to take three or four 30(b)(6) depositions. The court advised the parties to schedule or set aside dates now for the necessary depositions to avoid further delay should the case not resolve.

Accordingly,

IT IS ORDERED that the parties' oral motion to stay case progression is denied for the reasons stated during the call. (Filing No. 102). The parties' joint motion to extend case progression deadlines to accommodate the anticipated mediation is

1

granted. (Filing No. 100). The unexpired deadlines in the final progression order (Filing No. 73) are amended as follows:

1)    The parties have agreed to schedule mediation, with the goal of completing mediation within the next 30-60 days. The parties shall promptly notify chambers of the undersigned magistrate judge (carson@ned.uscourts.gov) once the mediation is scheduled, and of the outcome within 7-days after it takes place.

2)    The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **May 13, 2025** at **9:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 91).

3)    The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is June 2, 2025.

4)    The deadline for filing motions to dismiss and motions for summary judgment is July 14, 2025.

5)    The deadline for filing motions to exclude testimony on *Daubert* and related grounds is July 14, 2025.

6)    The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

7)    All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 4th day of March, 2025.

BY THE COURT:


s/ Ryan C. Carson

United States Magistrate Judge

2